IN THE UNITED STATES DISTICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. PRICE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 10-06120-CV-SJ-NKL-P |
| | ) | Crim. No. 06-06012-01-CR-SJ-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| | ) | |

**ORDER**

Before the Court is William S. Price's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies the motion.

**I.     Background**

On March 22, 2007, Price pleaded guilty to Count One of knowingly attempting to induce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, in violation of 18 U.S.C. § 2251(a). [Doc. # 57] Price also pleaded guilty to Count Two of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). [Doc. # 57] On October 8, 2008, this Court sentenced Price to consecutive sentences of 360 months on Count One and 240 months on Count Two, for a total sentence of 600 months. [Doc. # 91]

On October 10, 2008, Price filed a notice of appeal. [Doc. # 95] On April 23, 2009, the Eighth Circuit affirmed this Court's judgment. [Doc. # 104]

1

On October 5, 2010, Price timely filed this motion pursuant to 28 U.S.C. § 2255. Price seeks to set aside his conviction on four theories of ineffective assistance of counsel.

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Price's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

In his section 2255 motion, Price contends that he received ineffective assistance of counsel for four reasons. First, counsel failed to file a Motion to Suppress. Second, counsel failed to investigate exculpatory evidence and to file pre-trial Brady motions. Third, counsel failed to adequately explain Price's rights prior to the change of plea hearing held January 25, 2007. Fourth, counsel failed to explain Price's rights waived by plea agreement.

In *Strickland v. Washington*, 466 U.S. 668 (1984) the U.S. Supreme Court announced a two part test to be applied to claims for ineffective assistance of counsel.

First, the convicted defendant must show that his or her counsel failed to meet the standard of a reasonably competent attorney in similar circumstances. Second, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Under the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. Price has failed to show that he has satisfied the heavy burden created by the two part *Strickland* test.

First, Price argues that he received ineffective assistance of counsel because counsel failed to file a Motion to Suppress. [Doc. # 2 at 6.] Price contends that because counsel failed to investigate the circumstances surrounding the search of Price's property, counsel failed to discover that the search was unlawful. Price, however, has failed to show that the search was in fact unlawful because the search in question was conducted by a private person, not the police. The Fourth Amendment "is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Price's computer was first searched by a private individual, the computer technician who was asked by Price's wife Tammi to investigate the computer. [Doc. # 13-1 at 2.] When he viewed the incriminating pictures, he called 911 and he told the police about what he found on the

hard drive. [Doc. # 13-1 at 3.] Deputy Ignatenko legally applied for a search warrant based on Tami Price's statements and the pictures from the computer. [Doc. # 2 at 28.]

Nonetheless, Price suggests that Tami Price and the computer technician were not truthful about the search because it is unlikely that the events described could have occurred within three and a half hours. [Doc. # 13 at 2,3.] Price contends that the improbability of all these events occurring in such a limited amount of time is further evidenced by the fact that the hard drive contained a multitude of similarly titled files, indistinguishable from one another, and that Tami Price viewed a specific file when she arrived. [Doc. # 13 at 2.]

While Price's hard drive contained a multitude of files, the computer technician stated that some of the hidden folders were a lighter color than the other folders. [Doc. # 13-1 at 3.] In addition, Tami Price asked to view a specific file when she arrived. [Doc. # 13-1 at 3.] Finally, the computer technician did not need to view all of the files on the hard drive before deciding he needed to call 911. The incriminating character of the files was readily apparent by the titles of the videos and by the pictures the computer technician and Tami Price did view.

Price also argues that the computer technician was not acting as a private individual because printing the photos would have been illegal and it is unlikely that the computer technician would act illegally. [Doc # 13 at 3, 4] However, this argument fails because Price identifies no law that would make the computer technician's conduct illegal when he had Tami's consent to conduct the investigation of the computer. While Price

argues that the search was not valid because Tami Price was not the owner of the hard drive, a consent to search may be valid based on common authority, which "rests on mutual use of the property by persons generally having joint access or control for most purposes, so that each has the right to permit inspection in his own right and so that the others have assumed the risks thereof." *United States v. Matlock*, 415 U.S. 164 (1974). Even though Tami Price did not have the password to one hard drive, she did have access to the computer itself and to the other hard drive. [Doc. # 13-1 at 9.] Price assumed the risk by giving Tami Price joint access to the computer.

Additionally, whether Deputy Ignatenko could rely on Tami Price's common authority over the computer is based on "the objective standard of whether the facts available at the moment would warrant a person of reasonable caution in the belief that the consenting party had authority." *Illinois v. Rodriguez*, 497 U.S. 177 at 177, 178 (1990). Here, even if Deputy Ignatenko was mistaken, he was reasonable in his belief that Tami Price had common authority over the computer because she had physical access to bring the computer into the technician, and she stated that it was her home computer. In fact, there is no evidence that Deputy Ignatenko was unreasonable in any way in relying on the statements made to him by Tami Price and the computer technician.

In sum, Price has failed to show that his Fourth Amendment rights were violated by the search of his computer. The search was conducted by a private individual, acting under Tami Price's valid consent, and Deputy Ignatenko legally applied for a search warrant. Thus, defense counsel acted well within the range of reasonable professional assistance because defense counsel is "not ineffective for failing to raise meritless

5

claims." *Thomas v. United States*, 951 F.2d 902 (8th Cir. 1991). Nor could Price have suffered any prejudice since any motion to suppress would have been denied.

Next, Price argues that he received ineffective assistance of counsel because counsel failed to investigate an alleged *Brady* violation. [Doc. # 2 at 10.] Price claims that agents used Price's phone lines and internet while posing as Price to identify Price's co-conspirators. The agents identified no co-conspirator and Price argues that this failure to identify a co-conspirator was exculpatory because it was proof that Price was not involved in purchasing, selling or bartering for child pornography. [Doc. # 2 at 11.]

As the government states, Price did not plead guilty to purchasing, selling, or bartering for child pornography. [Doc. # 11 at 8.] He plead guilty to producing child pornography and knowingly receiving child pornography and neither of those charges requires any evidence of a co-conspirator. In addition, a forensic examination indicated that Price possessed images of child pornography that were produced by someone else, which he downloaded from the Kazaa Lite file sharing program. [Doc. # 57 at 6.] Thus, even though the government did not locate the identity of any person who sent child pornography to Price, Price was still involved with the receipt of pornography through the use of the Kazaa file sharing device. Therefore, even if the agents did as Price describes, their failure to find a "co-conspirator" would not be exculpatory.

Third, Price argues that he received ineffective assistance of counsel because counsel failed to give Price the benefit of his professional advice at the change of plea hearing held January 25, 2007. [Doc. # 2 at 12.] Price maintains that he found the plea agreement to be unacceptable, and was placed in a holding cell to decide how to plead.

6

[Doc. # 2 at 12.] Price also argues that defense counsel made no comment on his decision to plead guilty and did not offer guidance to assist Price in making the decision. [Doc. # 2 at 12.] However, Price declared under oath that he was satisfied with the representation he received from his attorney and that he had enough time to talk with his attorney before deciding how to plead. [Doc. # 11 at 10.] He cannot now create a contested issue of fact by stating the opposite here. Moreover, Price suggests that his statements at the plea hearing did not represent his "informed and intelligent testimony," but this is also contradicted by the record. [Doc. # 13 at 12.] At the plea hearing he agreed that he understood and was completely satisfied that he had all of the information he needed to decide how to plead. [Doc. # 11 at 10.]

Finally, in determining whether defense counsel's acts are outside the wide range of professionally competent assistance, judicial scrutiny of counsel's performance must be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. Thus, because Price stated that he was satisfied with defense counsel's conduct, he cannot now contend that counsel's action fell outside the wide range of reasonable professional assistance.

Fourth, Price argues that he received ineffective assistance of counsel because counsel failed to explain how Price's rights would be waived by the plea agreement. [Doc. # 2 at 14.] Price argues that his testimony was based on incomplete information because he was unaware of the "Non-Dissemination Agreement." [Doc. # 13 at 13.]

7

However, he fails to show how he has been prejudiced by the "Non-Dissemination Agreement", much less how he was prejudiced by not understanding the Non-dissemination Agreement.[1]

Price further contends the Court failed to comply with Rule 11, *see* Fed. R. Crim. P. 11(b), because the Court did not tell him that he was waiving his FOIA rights. Price is incorrect. The Court adequately complied with Fed. R. Crim. P. 11(b)(N). The Court read to Price the list of rights he would be forfeiting and Price agreed that he understood the rights and had discussed them with his attorney. [Doc. # 11 at 11.] Price also specifically agreed that he read, understood, and voluntarily signed the plea agreement as well as his agreement to be charged by information rather than indictment before the grand jury. [Doc. # 11 at 12, 13.] Indeed, Price was very carefully questioned at the plea hearing to ensure that his plea was knowing, voluntary and accurate.

Finally, the evidence of Price's guilt is overwhelming and well documented in the record. Even if this matter had gone to trial, the outcome would have been the same. Thus all of the grounds raised by Price fail because he suffered no prejudice by pleading guilty. Nothing has been shown that shakes the Courts confidence in the outcome of this matter.

## IV. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For

---

[1] Price makes a nonsensical statement that he can't fully support this ineffective assistance claim because of the non-dissemination agreement but fails to explain how that is so.

the reasons set forth above, Price has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

**V.     Conclusion**

Accordingly, it is hereby ORDERED that William S. Price's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.


                                                    s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated: April 11, 2011
Jefferson City, Missouri